UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HERSON GRANADOS,** | Civil Action No. 15-8577 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **CHARLES L. GREEN,** | |
| Respondents | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Herson Granados, pursuant to 28 U.S.C. § 2241. (ECF No. 1). At this time, this Court is required to screen the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition without prejudice as premature.

**I. BACKGROUND**

Petitioner, Herson Granados, is a native and citizen of El Salvador, who entered the United States in 2000. (ECF No. 1 at 5). Following his conviction of crimes including robbery in violation of N.J. Stat. Ann. § 2C:15-1 in the New Jersey Superior Court, petitioner was detained by immigration officials in March 2014. (*Id.*). Petitioner applied for relief for removal, but was ultimately ordered removed by an immigration judge on July 1, 2015. (*Id.*). Petitioner appealed the decision to the Board of Immigration Appeals (BIA), who dismissed his appeal and entered an administratively final order of removal on October 27, 2015. (*Id.* at 6). Petitioner thereafter

appealed to the Third Circuit, where his appeal remains pending. (*Id.*). Petitioner does not appear to have sought a stay of removal pending the Third Circuit's decision, and nothing in the record suggests that he has received such a stay. (*Id.*). On or about December 11, 2015, Petitioner, through counsel, filed the instant petition for a writ of habeas corpus asserting that his detention for some twenty one months in total is unreasonable and requires a bond hearing under, inter alia, *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (2015).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), the courts are required to preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas

petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**B. Analysis**

Petitioner asserts that his continuous detention pursuant to 8 U.S.C. § 1226(c) for over twenty one months is unconstitutional pursuant to *Chavez-Alvarez*. The inherent flaw in Petitioner's argument, however, is that Petitioner is no longer subject to detention under that section, and is instead now subject to detention under 8 U.S.C. § 1231(a). Section 1226 governs the detention of aliens only while an alien's case is "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Once an alien's removal order is final, however, the detention of the alien is instead authorized by 8 U.S.C. § 1231(a). *See Leslie v. Attorney General of the United States*, 678 F.3d 265, 268-70 (3d Cir. 2012). An alien's order of removal becomes final, and the alien's removal period begins on the latest of one of three dates: the date the order of removal becomes administratively final, the date on which an appellate court issues its final order if and only if the alien seeks judicial review of his final order removal and a stay of removal is granted by the reviewing court, or the date the alien is released from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B). Where an alien appeals his order of removal to the BIA, his order of removal becomes administratively final on the date that the BIA issues its order dismissing the alien's appeal. 8 C.F.R. § 1241.1(a). Thus, where the alien is not detained or confined by non-immigration officials, an alien's period of removal and detention under § 1231(a) begin on the date that the BIA dismisses the alien's appeal. Only in the event that the alien sought and received a stay pending appeal from the court of appeals would the order of removal cease to be final and the alien's detention revert to pre-removal status under 8

U.S.C. § 1226.  *See Leslie*, 678 F.3d at 268-70; *Llorente v. Holder*, Civil Action No. 11-6940, 2012 WL 1191147, at *5-6 (D.N.J. Apr. 10, 2012).  It is only through the grant of a stay or the overturning of a final order of removal that an alien's status reverts to pre-removal detention, the filing of an appeal or an application for a stay is insufficient to alter the alien's status.  *See Leslie*, 678 F.3d at 268-70; *Llorente*, 2012 WL 1191147 at *5-6; U.S.C. § 1231(a)(1)(B)(ii).

Here, Petitioner asserts that the BIA dismissed his appeal and entered an administratively final order of removal on October 27, 2015.  Although Petitioner has filed an appeal of that order, nothing in the petition states that Petitioner has sought, let alone received, a stay of removal pending judicial review.  As such, Petitioner's order of removal remains administratively final, and he is subject to detention under 8 U.S.C. § 1231(a).  *See Leslie*, 678 F.3d at 268-70; *Llorente*, 2012 WL 1191147 at *5-6; U.S.C. § 1231(a)(1)(B)(ii).  Petitioner's arguments that his continued detention under § 1226(c) is unreasonable, then, are of no moment as Petitioner is no longer detained pursuant to that statute.[1]

As Petitioner is currently confined pursuant to 8 U.S.C. § 1231(a), the reasonableness of the length of his detention is controlled by the Supreme Court's ruling in *Zadvydas*, 533 U.S. at 701.  In *Zadvydas*, the Court observed that the Government is required to detain an alien throughout the ninety-day removal period provided in the statute.  *Id.* at 683.  The Court also held in that case that removable aliens may be detained beyond the ninety-day period so long as their detention is "reasonably necessary" to effectuate their removal.  *Id.* at 689, 699.  The Court further found that

---

[1] In the event that Petitioner does seek and receive a stay, his detention would revert to pre-removal status subject to § 1226(c).  Petitioner's claims are therefore not moot as it is conceivable his claim could revert at some point in the future.  *See Llorente*, 2012 WL 1191147 at *5-6.  Because Petitioner's detention is no longer controlled by that statute, however, his arguments pursuant to *Chavez-Alvarez*, whose holding is confined to the § 1226(c) context, have no bearing on the reasonableness of his detention unless his detention does so revert.

a six month period of detention following a final order of removal is presumptively reasonable. *Id.* at 701. It is only after that six month period has passed that an alien may challenge his continued detention under *Zadvyas* by showing that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Here, Petitioner's final order of removal was entered on October 27, 2015. Since that time, approximately fifty days have passed. Petitioner is therefore still well within the ninety-day removal period, and is certainly within the six month period found to be presumptively reasonable in *Zadvydas*. *Id.* As such, his current habeas petition is premature. *Id.* Petitioner's petition for a writ of habeas corpus must therefore be dismissed. Because Petitioner's detention may extend beyond the six month presumptively reasonable period, and because Petitioner may seek and obtain a stay and thus revert to pre-removal status, this Court will dismiss the current Petition without prejudice.

### III. CONCLUSION

For the reasons stated above, the petition is dismissed without prejudice to the filing of a subsequent petition in the event that the length of Petitioner's detention becomes unreasonable or Petitioner seeks and is granted a stay pending judicial review by the Court of Appeals. An appropriate order follows.

December 16, 2015

    *s/ Susan D. Wigenton*
Hon. Susan D. Wigenton
United States District Judge